**Opinion filed April 10, 2025**



**In The**

# Eleventh Court of Appeals

_____

## No. 11-24-00296-CV

_____

## IN THE INTEREST OF M.D., A CHILD

**On Appeal from the 446th District Court**
**Ector County, Texas**
**Trial Court Cause No. E-23-049-PC**

## MEMORANDUM OPINION

This is an accelerated appeal from a final order in which the trial court terminated the parental rights of the mother and father of six-year-old M.D.[1] *See* TEX. FAM. CODE ANN. § 161.001 (West Supp. 2024). Only the mother, Appellant, filed a notice of appeal. We affirm the trial court's order of termination.

The evidence presented at the final termination hearing before the trial court showed that the Department of Family and Protective Services (the Department) intervened due to the parents' suspected drug use and ongoing domestic violence. M.D. was also not enrolled in school because he was not immunized. The

---

[1]We use initials to refer to the child. TEX. R. APP. P. 9.8(b).

Department was granted temporary managing conservatorship of M.D. on November 1, 2023, and created a family plan of service for Appellant. According to the Department caseworker, "the only service that [Appellant] did" was "go to MHMR."[2] Notably, Appellant never submitted to a single drug test, and violated visitation rules by hiding a phone in M.D.'s backpack "to track him."

On September 20, 2024, the father took M.D. from his placement home, and an AMBER Alert was issued. Police located the child with Appellant the following day, and both Appellant and the father were charged with kidnapping. *See* TEX. PENAL CODE ANN. § 20.03 (West Supp. 2023). The trial court terminated Appellant's and the father's parental rights based on its findings that Appellant and the father endangered M.D. as set forth in Sections 161.001(b)(1)(D) and (E) and failed to comply with their court-ordered service plans pursuant to Section 161.001(b)(1)(O). *See* FAM. § 161.001(b)(1)(D), (E), (N), (O). The trial court further found that termination was in M.D.'s best interest. FAM. § 161.001(b)(2).

Appellant's court-appointed counsel has filed a motion to withdraw in this court. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and concludes that there are no arguable issues to present on appeal. Counsel certified to this court that he provided Appellant with a copy of the brief, a copy of the motion to withdraw, an explanatory letter, and a copy of the clerk's record and reporter's record. Counsel also advised Appellant of her right to object to his motion to withdraw, and to file a pro se brief. *See* TEX. R. APP. P. 6.5. As such, court-appointed counsel has complied with the requirements of *Anders, Schulman, and Kelly. See Kelly v. State*, 436 S.W.3d 313, 318–20 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403, 406–09 (Tex. Crim. App. 2008); *see also Anders v. California*, 386 U.S. 738 (1967).

---

[2]"MHMR" refers to "state-provided mental health services." *See In re X.M.B.E.*, 706 S.W.3d 714, 718 n.3 (Tex. App.—Eastland 2025, no pet.).

Appellant has not filed a pro se response to counsel's *Anders* brief. Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record in this case, and we agree that Appellant's appeal is frivolous and without merit.

However, in light of the Texas Supreme Court's holding in *In re P.M.*, an *Anders* motion to withdraw "may be premature" if filed in the court of appeals under the circumstances presented in this case. *See In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016) ("[A]n *Anders* motion to withdraw brought in the court of appeals, in the absence of additional grounds for withdrawal, may be premature."). The court held in *P.M.* that, in parental termination cases, court-appointed counsel's duty to his or her client generally extends "through the exhaustion of [all] appeals." *Id.* at 27–28. In this regard, "appointed counsel's obligations can be satisfied by filing a petition for review that satisfies the standards for an *Anders* brief." *Id.*

Accordingly, we deny counsel's motion to withdraw, and we affirm the trial court's order of termination.

W. BRUCE WILLIAMS
JUSTICE

April 10, 2025

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.